Michael Hausfeld
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-Mail: Mhausfeld@hausfeldllp.com

Co-Class Counsel for the Alaska Native Class

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>The EXXON VALDEZ<br><br>THIS DOCUMENT RELATES TO<br>ALL CASES | Case No. 3:89-cv-00095 (HRH) |

**DECLARATION OF MICHAEL HAUSFELD
IN SUPPORT OF APPLICATION OF LIAISON COUNSEL
SONOSKY, CHAMBERS, SACHSE, MILLER & MUNSON
FOR AWARD OF FEES FROM CONSOLIDATED CASE FUND**

This declaration is made on personal knowledge, and in support of the Application of Liaison Counsel Sonosky, Chambers, Sachse, Miller & Munson For Award of Fees From Consolidated Case Fund and Memorandum. I have no financial interest of any nature whatsoever, direct, or indirect, in any fees the Court may choose to award to the Sonosky Chambers firm in this case.

DECLARATION OF MICHAEL HAUSFELD - 1
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH

## A. LLOYD MILLER AND THE SONOSKY CHAMBERS FIRM'S INVOLVEMENT IN THE ALASKA NATIVE CLASS CLAIMS

1. At the time of the EXXON VALDEZ oil spill, I was a partner at Cohen, Milstein, Hausfeld & Toll (CMHT). (I have subsequently been separated from that firm and formed a new firm, Hausfeld LLP). While I was there, CMHT had substantial expertise in class action and mass tort litigation. I was familiar with the Sonosky Chambers firm and knew that they were a leading national firm in Native American law. In particular, I knew they represented Alaska Native villages and corporations, through the firm's office in Anchorage. Shortly after the oil spill, my partner Jerry Cohen and I conferred with Lloyd Miller and Don Simon of the Sonosky Chambers firm about representing Alaska Natives interested in litigation against Exxon.

2. Since the Sonosky Chambers firm was nationally recognized as a preeminent firm in the field of Native American rights, and Jerry and I had substantial class action experience, it was agreed that the two firms would jointly manage the litigation through our combined skills and resources.

3. In addition to his position as a leading expert on the Alaska Native subsistence damage caused by the spill, Lloyd Miller provided invaluable assistance in (a) securing the necessary support for the Alaska Native claims; (b) understanding, shaping and effectively communicating the essence of those claims which were eventually certified for class treatment; (c) preparing the Alaska Native subsistence damage claims for trial; and (d) meaningfully contributing to the settlement of those claims.

DECLARATION OF MICHAEL HAUSFELD - 2
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH

4. Among Mr. Miller's firm's critical contributions to the case was his firm's work on the liability and damage phases, particularly in opposing Exxon's repeated motions to dismiss or limit the Alaska Native Class claims in the final months before trial, and his familiarity with the consequences to the Native subsistence way of life caused by the contamination of the surrounding natural resources. Mr. Miller's and his firm's mastery of Alaska Native subsistence issues was critical throughout this briefing and expert damage process.

5. In the course of our work, I observed Mr. Miller attempt to secure "trustee" status for the federally-recognized Tribes within the Alaska Native Class, pursuant to the trustee structure set up under the Clean Water Act. Despite considerable efforts by Mr. Miller to secure agreement from the state and federal governments regarding their status, the governments ultimately declined to recognize the villages' trustee status. Nonetheless, Mr. Miller's efforts in this regard contributed substantially to the eventual close cooperation we enjoyed with the Justice Department and with key federal agencies in connection with the development of the Alaska Native Class claims.

6. Finally, Mr. Miller and his staff worked extensively with the Alaska Native villages to assure maximum participation by Native villagers in the ultimate claims program. My firm underwrote the costs of opening a one-person office in each of the Alaska Native villages situated in Prince William Sound, the Lower Kenai and Kodiak, and that person's main task was to assist Class members in completing claim forms (first for the Trans-Alaska Pipeline Liability Fund process and later for the Alyeska Claims Program). Although my law firm funded this effort, all of the supervision and village outreach occurred through Mr. Miller and his firm.

DECLARATION OF MICHAEL HAUSFELD - 3
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH

## B. LLOYD MILLER'S SELECTION AS PLAINTIFFS' LIAISON COUNSEL

7. A portion of the claims asserted against Exxon, both non-Native and Native, were pursued as class actions. These suits organized themselves into the Class Action Coordinating Committee (CACC). As members of the CACC, I, along with Jerry Cohen and Lloyd Miller, participated regularly in the CACC's conference calls to set strategy, assign tasks and take on research projects. The cases needed an Alaska-based attorney to serve All Plaintiffs as Liaison Counsel for the litigation, and to be a single point of contact to the Court. Lloyd Miller appeared to us to be a prime candidate for that position. This was our assessment based not only upon Mr. Miller's education, accomplishments and stature in the Alaska legal community, but also based upon the quality of Mr. Miller's thinking and performance during the early weeks and months of the case. It was critical to have as Liaison Counsel an individual who would be implicitly trustworthy to deal with all attorneys in the case with the utmost respect and reliability, and without prejudice or loyalty to any single group. Accordingly, we asked Mr. Miller if he would agree to serve as Liaison Counsel.

8. At best, Mr. Miller was reluctant to accept the position since, as he explained, as the Exxon litigation would grow and expand, the work could become a crushing burden on his small firm and his traditional Alaska practice. He explained that, once appointed as Liaison Counsel, his firm would also become burdened by increasing financial obligations.

9. Jerry and I sought to develop a construct which responded to Mr. Miller's concerns using a pool of assessments that would eventually be made against all the firms to finance part of the liaison operations, in particular the costs of additional paralegal staff, equipment and space.

DECLARATION OF MICHAEL HAUSFELD - 4
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH

10. Additionally, Mr. Miller was told by us that courts recognize the unique contributions that Liaison Counsel make to the effective operation of complex cases, and have provided corresponding enhancements in the fees to be awarded Liaison Counsel in the event of a successful outcome.

11. Based on these proposals and observations, and with the inherent underlying implicit commitment of support regarding enhanced fees, Mr. Miller accepted the offer and served admirably as Plaintiffs' Liaison Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 2nd day of June 2009.

_____
Michael Hausfeld
Hausfeld LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-Mail: Mhausfeld@hausfeldllp.com

Co-Class Counsel for the Alaska Native Class

DECLARATION OF MICHAEL HAUSFELD - 5
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH

**Certificate of Service**

The undersigned certifies that on June 8, 2009 a true and correct copy of the foregoing *Declaration of Michael Hausfeld In Support of Application of Liaison Counsel Sonosky, Chambers, Sachse, Miller & Munson For Award of Fees from Consolidated Case Fund* was served on the following attorneys or parties of record by the Court's EFC system:

Douglas J. Serdahely, Patton Boggs, LLP
dserdahely@pattonboggs.com

David W. Oesting, Davis Wright Tremaine, LLP
daveoesting@dwt.com

Matthew D. Jamin, Jamin Law Office
matt@jesmkod.com

*/s/ Lloyd B. Miller*
_____
Lloyd B. Miller

DECLARATION OF MICHAEL HAUSFELD - 6
*In re: The EXXON VALDEZ*
Case No. 3:89-cv-00095-HRH